Barbour v. Gallagher.


# WILLS.

[Hamilton (1st) Circuit Court, May, 1912.]

Smith, Swing and Jones, JJ.

JAMES F. BARBOUR ET AL. V. JOHN C. GALLAGHER ET AL.

**Distribution to Children of Sisters, Nieces, Nephews and Brother Construed.**

> Under an item of a will providing that "when all my sisters, nieces, nephews, and my brother" "who are hereinbefore made beneficiaries of * * * property hereinbefore devised in trust shall have deceased" that the executors or their successors "proceed without delay to divide * * * property or the proceeds thereof into as many parts as there will be surviving children of my aforesaid nephews, nieces and of my brother," all the relatives designated as beneficiaries having died, the time of distribution has arrived and their surviving children take per capita.

ERROR to common pleas court.

*Lawrence Maxwell, Joseph W. O'Hara, J. B. Foraker, Wm. Worthington, Harmon, Colston, Goldsmith & Hoadly, D. & W. Hoyt, Oscar Stoehr* and *Guy W. Mallon*, for the various heirs.

## SMITH, P. J.

In the above case the court is asked to construe the last will and testament of James S. Armstrong, executed on March 22, 1878, probated on June 10, 1883, and recorded in Vol. 20, page 25, Hamilton county, Ohio, records, and particularly item 8 thereof.

Item 8 is as follows: .

"When all my sisters, nieces, nephews and my brother Frank W. Armstrong who are hereinbefore made. beneficiaries of the income and revenue arising from the real and personal property hereinbefore devised in trust shall have ·deceased, it is then my will that the successors of my hereinafter named executors and trustees or said executors and trustees themselves if then living, shall proceed without delay to divide such real and personal property, or the proceeds thereof should it be found

necessary to sell for cash a part or the whole of such property to carry out equitably the objects and purposes of this my last will and testament, and to divide such property or the proceeds thereof into as many equal parts as there will be then surviving children of my aforesaid nephews, nieces and of my brother Frank W. Armstrong, and to make over, transfer and give to each one of said surviving children one of said equal parts, to have to hold the same absolutely forever."

Under this item, who then are "all my sisters, nieces, nephews and my brother Frank W. Armstrong, who are hereinbefore made beneficiaries of the income and revenue arising from the real and personal property hereinbefore devised in trust," and at whose death such real and personal property shall be divided?

Clearly, "all my sisters, nieces, nephews and brother Frank W. Armstrong" mentioned in item 7 of said will, to wit: "My sister, Eliza Lee; my sister, Emily Dobyns; my sister, Amelia A. Mannen; my niece, Mary Eliza Gallagher; my niece, Sarah Collins; my niece, Laura Capron; my niece, Florence Lee Ward; my niece, Emily G. Dobyns; my nephew, Charles Collins; my nephew, William Collins; my nephew, Richard Collins; my nephew, John Collins Lee; my nephew, William Rees Dobyns; my brother, Frank W. Armstrong."

The evidence discloses that each and all of the foregoing are now dead. This being so, in the opinion of the court the time for the distribution of the real and personal property mentioned in item 8 has arrived.

Among whom, therefore, should this real and personal property be distributed?

The testator says, that his executors and trustees shall proceed without delay to "divide such property or the proceeds thereof into as many equal parts as there will be then surviving children of my aforesaid nephews, nieces and of my brother Frank W. Armstrong."

Who then are they? Under the evidence they are as follows: John C., Mary S. and Eleanor Gallagher, children of

Barbour v. Gallagher.

testator's niece, Mary E. Gallagher; John A., George A., Frank A. and Mary E. Collins, children of testator's nephew, Charles H. Collins; Charles L., Thomas S. and John S. Collins, Amelia C. Ruggles, Hannah Collins de Chiara and Julia Collins Marvin, children of testator's nephew, William A. Collins; Mrs. Myrtilla Dobyns Cunningham, Emily Dobyns Long and James A. Dobyns, children of testator's nephew, William Rees Dobyns; and Mary A. Swigert, child of testator's brother, Frank W. Armstrong.

The court feels certain that the construction of the will sought by counsel for Harriette A. Goodloe can not obtain, as testator did not intend to postpone the distribution of his estate beyond the time of the death of his specifically named sisters, nieces, nephews and his brother, Frank W. Armstrong, and particularly so when he distinctly stated that when the distribution should take place, his estate should be delivered into as many equal parts as there will be then surviving children of his aforesaid nephews, nieces and his brother, Frank W. Armstrong, for otherwise the child of Frank W. Armstrong, Mrs. Mary A. Swigert, would not take the share of the estate given to her.

Considering the entire will, the number of specific legacies devised, the persons to whom these legacies are given and the relationship each bore to the testator, we are of the opinion that the foregoing conclusion reached as to the construction of the will in question is correct.

A decree may be taken in accordance herewith and similar to the decree below.

**Swing** and **Jones, JJ.,** concur.